Memorandum of Law in Support of ODOC Fines being Unconstitutional

Argument(s)

When prison officials subject inmates to serious punishment, like punitive fines, segregation, deprivation of property, they must observe the safeguards of due process (Wolff v McDonnell, 418 US 539, 94 Sct 2963; Gilbert v Frazier, 931 F2d 1585). ODOC officials individually and/or collectively have not done so. Due process is required, especially so, when a prisoner faces a credibility problem, trying to disprove the charges (Ramer v. Kerby, 936 F2d 1102) When a hearings officer refuses to afford due process, it violates the inmates rights (Graham V. Baughman, 772 F2d 445; Green v. Nelsen, 442 F. Supp. 1047). Prisoners who are found guilty of disciplinary charges are surely entitled to a written statement by the factfinder

1. As to the "evidence" relied on, and
2. the "Reasons" for the disciplinary "sanctions",
3. (Morrisey v. Brewer, 408 US 471, 489,
4. 92 S.Ct. 2593) and "Several" courts have
5. held that "the Practice" of "Simply Adopting
6. the Reports of Staff," with no "further
7. Explanation" denies Due process, as some
8. degree of explanation for the conclusions
9. they reach must be provided (Dyson v.
10. Kocik, 689 F2d 466; King v. Wells,
11. 760 F2d 89; Chavis v. Rowe, 643 F2d 1281;
12. Hayes v. Walker, 555 F2d 625; Owens v.
13. State, 507 So.2d 576; Washington v. Chrans,
14. 769 F.Supp. 1045; Robinson v. Young, 674
15. F.Supp. 1356; Superintendent v. Hill, 472
16. US 445, 105 S.Ct. 2768). Retaliation for
17. 1st Amendment Right infringment and
18. inadequancies in Disciplinary hearings
19. process, violate Due process (Pratt v.
20. Rowland, 769 F.Supp. 1128, D.CA. 1991)
21. Capricious, Arbitrary, and Discriminatory
22. Retaliation by prison Authorities is not
23. A legitimate Goal of Correctional Institutions,
24. (Rizzo v. Dawson, 778 F2d 527, 9th Cir.
25. 1985; Owens v. Rush, 654 F2d 1370, 10th
26. Cir. 1981; NAACP v. Button, 83 S.Ct 328, 1963)

Page 2 of 13 -- Memorandum of Law

1  Imposing a "Fine" for violation of
2  prison regulation raises "Serious Questions"
3  regarding "Fourteenth Amendment Due Process
4  Clause", (Stuart v. OSP, 747 P2d 996,
5  305 OR 9, 1988; Scott v. Angelone,
6  771 F.Supp. 1064, Aff'd 9th Cir. 980
7  F2d 738; Gillihan v. Shillinger 872 F2d
8  935; Sell v. Parrat, 548 F2d 753;
9  Quick v. Jones 754 F2d 1523; US v.
10  Mackby, 261 F3d 821, 9th Cir. 2001; US
11  v. Bajalajian, 118 Sct 2028, 1998; Hudson
12  v. US, 118 Sct 488, 1997; Alexander v.
13  US, 113 Sct. 2766, 1993; Austin v. US,
14  113 Sct 2801, 1993; Louis v. Comm. Internal
15  Revenue, 170 F3d 1232, 9th Cir. 1999;
16  Wright v. Riveland, 219 F3d 905; Solem
17  v. Helms, 103 Sct 3001, 1983; Rummel v.
18  Estelle, 100 Sct 1133, 1980; Orloff v.
19  Cleland, 708 F2d 372, 9th Cir. 1983;
20  Delverne v. Klevenhagen, 888 F.Supp. 64,
21  1995) An Administrative proceeding can
22  constitute a punishment (US v. Harper,
23  490 US 435, 109 Sct 1892, 1989; Dept. of
24  Revenue of Montana v. Ranch, 511 US 767,
25  114 Sct 1937, 1994; US v. $405.089 in US
26  Currency, 33 F3d 1210, 9th Cir. 1994;

Page 3 of 13 -- Memorandum of Law

Form 03.010 9/98

1  US v. McCaslin, 862 F. Supp. 1299,
2  1994). ODOC hearings officers may not
3  impose "civil sanctions administratively"
4  (US v. Harper, supra; Dept. of Revenue v.
5  Ranch, supra; US v. Sanchez-Escareno,
6  950 F.2d 193, 200, 5th Cir. 1991). No Oregon
7  Statute Authorizes "specifically" a "fine"
8  for violation of prison regulations. ORS
9  421.125 Authorizes "Restitution" for Damage
10 And/or Destruction of property. Inmates
11 Can not Appeal "Administratively" a "fine"
12 (291-105-0073(1)), nor "Judicially"
13 (ORS 421.194). A "fine", which is a "civil
14 debt," can only be imposed by a Court
15 of Competent Jurisdiction (ORS 179.240),
16 (and a hearings officer is not a Judge,
17 nor a hearings room a Court). ODOC
18 has no Authority to collect a debt
19 from inmates otherwise. ODOC "fines"
20 are not finalized by any "Court". No
21 State shall make or enforce any Law
22 which shall Abridge the privileges or
23 immunities of citizens, nor deprive
24 any person of Life, Liberty, or "property"
25 without Due process. Prisoners have
26 property interests in their funds in their

1. prison accounts, and Administrative Agencies
2. have no right to proscribe and enforce
3. "forfeitures" of property, as "punitive"
4. measures, for violation of prison rules,
5. and when it does, it violates Due
6. Process (Quick v. Jones, supra; Sell v.
7. Parrat, supra). Judge Gillette made the
8. "Constitutional Question" clear (in Stuart
9. v. OSP, 747 p2d 996, 305 OR 9 1988)
10. "If" the rule is so Authorized
11. interesting Constitutional Questions"
12. involving, inter alia, the "Fourteenth
13. Amendment Due process Clause" comes
14. to mind. "A Class Action may be
15. possible". The existence of a
16. remedy is "not" ended with our
17. disposition of this petition" (747 p2d
18. at 996).
19. 
20. The ODOC Rule #105, Regarding "Fines"
21. being imposed, is being applied to
22. All ODOC prisoners, offending fundamental
23. Constitution guarentees (separation of
24. powers; Judicial vs. Administrative). There
25. must be a rational reason and legitimate
26. penological objective for government

interests to justify regulation, and it must be legit and neutral, or the regulation can not be sustained, where a policy is arbitrary, discriminatory, and irrational, especially when other "avenues" remain available (in this case "sanctions") (Procunier J. Martinez, 416 US 396, 94 Sct 1800; Haynes V. Kerner, 404 US 519, 92 sct 594). The ODOC "policy and scheme" is so vague, it amounts to the absence of any real policy or statute (Horn V. Burnside, 536 F2d 251). Plaintiff has received "sanctions" of segregation, loss of privileges, loss of goodtime, loss of privileged visits for "years" at a time, for (1) rule infraction, and a "Fine". This is "excessive" in violation of the 8th Amendment. Due process requires some form of "Judicial Review" of Administrative decisions that threaten Constitutionally protected liberty interests or "property interests" (Joseph Stockyard V. US, 56 sct 720; Ny Fung Ho V. White, 42 sct 492) No "Judicial Review" is allowed in regards to receiving a "Fine" by a hearings officer (ORS 421.194).

1. The extent which legislatures
2. may commit to an administrative
3. body the unreviewable authority to
4. make determinations implicating
5. fundamental Rights is a difficult
6. question of Constitutional Law,
7. (California v. Sanders, 97 Sct 980;
8. Crowell v. Benson, 52 Sct 285;
9. Johnson v. Robinson, 94 Sct 1160).
10. Inmates have a Right to Appeal
11. to an entity "Independent" of
12. that which issued the initial
13. denial and due process Requires
14. "Impartial" decisions making before
15. "final" deprivation of a property
16. Interest (McDaniels v. Flick,
17. 59 F3d 446). Under ODOC Rule
18. #105 the Inspector General
19. appoints ODOC Disciplinary hearing
20. officers and Investigators. After
21. the conclusion of the hearing all
22. Reviews/Appeals go to the Inspector
23. General. Inmates must appeal to
24. the Individual who appointed
25. the hearings officer. This scheme
26. is "NOT" Impartial, on its face.

Page 7 of 13 -- Memorandum of Law

Form 03.010 9/98

1. A non criminal statute is unconstitutional
2. under the due process clause when its
3. language does not convey sufficient "definite"
4. warning as to the proscribed "specific"
5. understanding and practice (HORN V.
6. BURNS & ROE, 536 F2d 251). To have a
7. property interest in a bennifit, a person
8. clearly must have more than a unilateral
9. expectation and abstract need or desire
10. for it, he must have a legitimate claim
11. of entitlement to it, as property interests
12. are not created by constitutions, they
13. are "defined" and created, and their
14. demensions "defined" by existing rules
15. or underlying understandings that
16. stem from state laws, rules, or under-
17. standings that secure certian bennifits
18. that support claims of entitlement to
19. those bennifits (BOARD of Regents of
20. CALIFORNIA V. Roth, 92 sct 2701 at 2709).
21. Regulations Authorizing a "FINE, must
22. use "Explicit Mandatory Language," by
23. statute, in connection with the state
24. establishment of "specific" subjective
25. predictives, to limit officials discretion,
26. and thereby require that a particular

Page 8 of 13 -- Memorandum of Law

1. outcome be reached upon a finding that
2. the revelant criteria have been met
3. (Schroeder v. Mabellos, 823 F.Supp. 806;
4. Dix v. Shasta, 963 F2d 1296, 9th Cir. 1992;
5. Kentucky v. Thompson 109 sct 1904, citing
6. Hewit v. Helms, 459 US 460, 103 sct 864)
7. Factors considered are private interests,
8. government interest, and value of "procedural
9. requirements" in that particular context
10. (Washington v. Harper, 494 US 210, 110 sct
11. 1028; Mathew v. Eldridge, 424 US 319, 96
12. sct 893).
13.          Defendants may argue Clark
14. v. Schumacher, 103 OR APP 1, authorizes
15. imposition of a fine as a sanction for
16. violation of Department rules. Plaintiff
17. alleges Clark was wrongly decided, as
18. the Court relied upon only "general
19. statutes" defining ODOC powers. Clark
20. held that ORS 423.020, 423.030 and 423.
21. 075 permits ODOC to "Adopt Rules"
22. for the government and administration
23. of the department by appropriate punish-
24. ment. However ORS 179.040 Allows
25. ODOC to Adopt Rules "not inconsistent
26. with Law", and ORS 179.240 only allows

Page 9 of 13 -- Memorandum of Law

1  ODOC Authority to deduct a debt
2  "Fixed by a judgment of a court of
3  Competent Jurisdiction. Clark failed to
4  consider the "specific" effects of ORS
5  421.125 (2)(e) which only allows ODOC
6  "to assess inmates for wilful damage or
7  destruction of property. A "specific"
8  law governs more "general" ones (Central
9  Catholic Educ. Assoc. v. Archdioceses of
10 Portland, 891 P2d 1318, 1996). Even "if"
11 the court is right in Clark, the
12 "Doctrine of Stare Decisis" does not
13 demand that Federal Courts adhere to
14 prior (state) cases, so long as the
15 Federal Courts are satisfied they are
16 manifested and wrong (Noonan v.
17 City of Portland, 88 P2d 808, 161 OR
18 App 213; Hilton v. S.C. Public Railways
19 Com'n, 112 SCt 560, 563, 1991; Arizona
20 v. Rumsey, 467 US 203, 212, 104 SCt 2305,
21 2310, 1984; (special justification) see Arizona
22 v. Fulminate, 111 SCt 1246, 1257, 1991; Welch
23 v. Tex, 483 US 468, 494, 107 SCt 2957, 1987).
24 "What's Clear" is that "if the Legislature"
25 "intended" for inmates to be imposed
26 "Fines", (civil forfeitures) for misconduct

Page 10 of 13 -- Memorandum of Law

violations not associated with the damage or destruction of property, why havent they adopted a "specific statute authorizing fines"? probably due to Curtis v. OSCI, 532 p2d 798, (1975). Curtis created ORS 421.125. 421.180 was adopted in 1973. In Curtis, "Remedial treatment, appropriate punishment, and sanctions, for Restitution, were discussed. The court stated " We are satisfied that the Superintendent has the Authority to Require Restitution Under his statutory power"(801-803). "The superintendent has the duty to protect the states property". "The Superintendent can require an inmate to restore petty damage resulting from his vandalism.

Although the superintendent and Inspector General did not commit the Due process violation themselves, they became Responsible for them, when they failed to correct them in the course of their

Page 11 of 13 -- Memorandum of Law

Form 03.010 9/98

1. Supervisory duties and Responsibilities.
2. A Supervisor who learns of the
3. Constitutional violation through a
4. Report, or Appeal, is liable, for fail-
5. ing to correct it (Williams v. Smith,
6. 781 F2d 319) And high level officials
7. who decide Appeals have duties
8. to conduct investigations when
9. confronted with evidence of Due
10. process violations, and they are
11. liable for failing to perform
12. this duty (King v. Higgins, 702
13. F2d 18; Lewis v. Smith, 855 F2d
14. 736; Gabai v. Jacoby 800 F.Supp.
15. 1149; Feagen v. Broglin, 693 F.Supp.
16. 1305). It can not be argued that
17. ODOC Supervisors Did not know of
18. the Alleged Due process violations
19. as they are being identified on
20. Appeal now. Deliberate Indifference
21. by supervisory officials is sufficient
22. to establish liability under 42 US
23. § 1983 (Hill v. Marshall, 962 F2d 1209;
24. Walker v. Norris, 917 F2d 1449;
25. Aswegan v. Bruhl, 965 F2d 676).
26. Vacate my ODOC Fines Immediately.

2  Dated this 19th day of November 2010

5  Clayton L. Howard
6  Clayton L. Howard
7  SID #5838277
8  777 Stanton Blvd.
9  Ontario, OR. 97914
10  Plaintiff pro-se