UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CLAYTON L. HOWARD,

             Plaintiff,           6:10-cv-06390-AA

          v.              ORDER

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

             Defendants.

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of state and federal constitutional rights as well as statutory violations.

Defendants now move to dismiss plaintiff's claims on various grounds. Motion to Dismiss (#18) p. 2. Defendants filed the motion to dismiss on June 30, 2011. Plaintiff did not file a response to defendants motion to dismiss.

Between June 30, 2011 and present a substantial amount of time and energy was spent obtaining volunteer counsel to

1 - ORDER

represent plaintiff in this and his other cases, and attempting to mediate and settle the cases. Ultimately plaintiff determined to continue to represent himself in this action.

By Order (#61) entered March 6, 2013 plaintiff was allowed 60 days to file a response to defendants' motion to dismiss. By Order (#66) plaintiff was allowed an additional extension of time to file a response to defendants' motion. Plaintiff was advised that the motion would be taken under advisement by the court on August 5, 2013.

By Order (#70) entered August 1, 2013, plaintiff was ordered to show cause in writing by September 3, 2013, why defendants' unopposed Motion to Dismiss (#18) should not be allowed. Plaintiff was advised that failure to show cause as directed by the court or to file a response to defendants' motion would result in the dismissal of this case for failure to prosecute. Plaintiff was further advised that no further extensions of time would be allowed.

On August 26, 2013, plaintiff filed a "Motion for Certification of Question to Oregon Supreme Court and for Stay pending Certification Question (#71). Plaintiff's Motion for Certification of Question was denied by the court's Order (#72) entered August 27, 2013.

Plaintiff did not file a response to the court's order to

2 - ORDER

show cause or file a response to defendants' Motion to dismiss.

Defendants move to dismiss plaintiff's claims on the following grounds:

1). All claims arising from alleged conduct before 1/19/2008 are barred by the statute of limitations.

2.) All state law claims are barred by the Eleventh Amendment.

3.) All federal claims against the Oregon Department of Corrections fail because ODOC is not a "person" subject to suit under 42 U.S.C. § 1983.

4.) All federal claims against individual state defendants in their official capacities fail because they are actually claims against the state which is not a person subject to liability under 42 U.S.C. § 1983.

5.) All federal claims against the state defendants in their individual capacities are defective because 42 U.S.C. § 1983 does not permit respondeat superior liability.

6. All claims against all remaining defendants fail to state a claim upon which relief can be granted.

Motion to dismiss (#18) p. 2.

Three of the disciplinary hears that plaintiff alleges violated his rights occurred on 8/22/2008, 9/2/2008 and 10/22/2008. *See*, Complaint (#2) p. 9-10. Plaintiff filed the

3 - ORDER

complaint in this action on 11/19/2010.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. <u>See</u>, <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007); <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985); <u>Silva v. Crain</u>, 169 F.3d 608, 610 (9th Cir. 1999); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2002); <u>Cooper v. City of Ashland</u>, 871 F.2d 104, 105 (9th Cir. 1988); <u>Davis v. Harvey</u>, 789 F.2d 1332 (9th Cir. 1986).

Therefore, all claims based on incidents occurring prior to 11/19/2008 - and specifically those claims alleged in paragraph 20 and 21 - are barred by the statute of limitations.

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. <u>Board of</u>

<u>Trustees of University of Alabama v. Garrett</u>, 531 U.S. 356 (2001); <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996); <u>see also, Quern v. Jordan, 440 U.S. 332 (1979);</u> <u>Edleman v. Jordan</u>, 415 U.S. 651, 673 (1984); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984).   The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought.   <u>Cory v. White</u>, 457 U.S. 85 (1982); <u>Brooks v. Sulpher Springs Valley Elec. Co-Op</u>, 951 F.2d 1050, 1053 (9th Cir. 1991). In addition, a state's waiver of sovereign immunity in its own court's does not waive its Eleventh Amendment immunity in federal court.   <u>Edleman v. Jordan</u>, <u>supra</u>.   Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

Plaintiff names the "ODOC" as a defendant in the caption of his complaint.   The ODOC is a state agency. *See*, <u>Hale v. Arizona</u>, 993 F.2d 1387, 1399 (9th Cir. 1993).   Therefore, plaintiff's claim against the ODOC is barred by the Eleventh Amendment.   In addition, the ODOC is not a "person" subject to liability under 42 U.S.C. § 1983. <u>Flint v. Dennison</u>, 488 F.3d 816, 824-825 (9th Cir. 2007); <u>Will v. Dept. of State Police</u>, 491 U.S. 58, 71 (1989).

Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the

individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." Mitchell v Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999). Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (quoting Ford Mtor Co. V. Dep't of Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different that a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989); Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997).

Therefore, plaintiff's claims against the defendants in their official capacities are barred by the Eleventh Amendment as discussed above.

Plaintiff's state law claims against the individual defendants are also barred by the Eleventh Amendment. In state law actions, the Oregon Tort Claims Act mandates the

substitution of the state for the named state employee defendants. O.R.S. 30.265(1); Clarke v. Oregon Health and Sciences University, 343 Or. 581, 610 (2007).

Thus, the State of Oregon is substituted for all individual state employees sought to be held liable under state law, and the State of Oregon has Eleventh Immunity as to these claims.

Plaintiff apparently seeks to hold defendants Williams, Morrow, Worley and Hawk liable in their supervisory capacities.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbab, 129 S.Ct. 1937 (2009). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. Id.

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987)

A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a

sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), citing <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984). <u>See also</u>, <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" <u>Redman v. County of San Diego</u>, 924 F.2d 1435, 1446 (9th Cir. 1991), <u>cert. denied</u>, 112 S. Ct. 972 (1992) (quoting <u>Hansen v. Black</u>, <u>supra</u>, 885 F.2d at 646, in turn quoting <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (5th Cir. 1987); <u>see also</u>, <u>Jane Doe A v. Special School District</u>, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that

they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

Plaintiff has not alleged that defendants Williams, Morrow, Worley or Hawk personally violated his rights or alleged any facts that would subject these defendants to respondeat superior liability under 42 U.S.C. § 1983.

The only specifically named defendant in any of plaintiff's factual allegations is Inspector General Stan Czerniak. However, plaintiff's allegations that defendant Czerniak "is not impartial" and that his review of hearing officer decisions is "arbitrary and capricious, Complaint (#2) p. 23, are vague and conslusory and fail to state a claim for violation of plaintiff's constitutional rights.

For all the reasons stated above, plaintiff has failed to state a claim against any named defendant. However, even if plaintiff named proper defendants, I find that his claims fail on the merits.

Plaintiff alleges that his disciplinary fines have impeded his ability to file legal documents, which he alleges a violation of his First Amendment right of access to the courts.

9 - ORDER

In order to establish a violation of the constitutional right of access to the courts a prisoner must establish an actual injury by demonstrating a specific instance in which he was actually denied access to the courts. Lewis v. Casey, 518 U.S. 343, 349 (1996); Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Although plaintiff generally alleges that his disciplinary fines have interfered with his subpoena access, he has not established a specific instance where such interference has frustrated a non-frivolous legal action. See, Christopher v. Harbury, 536 U.S. 403, 415 (2002).[1]

Plaintiff alleges that the deduction of disciplinary fines from his inmate account constitutes an illegal seizure under the Fourth Amendment.

However, the Fourth Amendment prohibits unreasonable seizures. U.S. . Hawkins, 249 F.3d 867, 872 (9th Cir. 2001). In seizures that do not impinge upon legitimate privacy interests, pre-deprivation administrative hearings are sufficient to establish the reasonableness of the seizure. Scheider v. County of San Diego, 28 F.3d 98. 92 (9th Cir.

---

[1] I note for the record that plaintiff is a well known and prolific "jail house lawyer" and has aggressively litigated no less that 4 cases simultaneously over the past several years. He has been allowed to proceed in forma pauperis, appointed pro bono lawyers to represent him, and recovered substantial settlements. Any claim that his access to the courts has been unreasonably impeded is controverted by these facts.

1994).

To the extent the deduction of disciplinary fines from plaintiff's trust accout can be considered a seizure, the seizure was pursuant to a reasonable, statutorily authorized pre-deprivation administrative hearing and did not violate plaintiff's rights under the Fourth Amendment.

Plaintiff alleges that ODOC's disciplinary fines are excessive in violation of the Eighth Amendment. However, plaintiff's Eighth Amendment claim fails as a matter of law because the Excessive Fine Clause has not been incorporated to apply against the states. McDonald v. City of Chicago, 130 S.Ct. 3020, 3035 (2010).

In addition, plaintiff's claim fails as a factual matter. Fines are excessive only if they are grossly disproportionate to the gravity of the related offense. U.S. v. Bajakajin, 524 U.S. 321, 334 (1998). The ODOC disciplinary fines complained of by plaintiff are proscribed on a "grid" through administrative rules. They range from $25 to $50 and are statutorily approved as appropriate punishment for the proscribed offenses and not excessive.

Plaintiff alleges that the ODOC disciplinary hearing and appeals process violate the due process guarantees under the Fourteenth Amendment. However, in a recent and almost identical due process challenge to ODOC's disciplinary

process, this court concluded that disciplinary fines and their deduction from inmates' trust accounts does not violate inmate's procedural due process rights. *Steffler v. Williams*, Slip Opinion 2010 WL, 3122853 (D. Or. 2010).

Plaintiff acknowledges that he received the procedural due process requirements set forth in Wolff v. McDonnel, 418 U.S. 539, 564-566 (1974).

Plaintiff's Fourteenth Amendment due process claim is based on lack of notice of the specific fine to be imposed, the presence of only one hearings officer, an inability to appeal fines below $200 and a lack of "expressed, specific legislative authority to impose disciplinary fines on ODOC inmates." Complaint(#2) p. 25.

None of these allegation constitute a violation of due process. Plaintiff has not alleged any facts to support a constitutional deficiency of procedural due process in his disciplinary hearings and his Fourteenth Amendment allegations fail to state a claim.

Plaintiff alleges that ODOC's disciplinary process violates his substantive due process rights under the Fourteenth Amendment.

In order to establish a substantive due process violation, plaintiff must establish that the disciplinary hearing was arbitrary and unreasonable having no substantial

relation to the public health, safety, morals or general welfare. <u>Patel v. Penman</u>, 103 F.3d 868, 874 (9th Cir. 1996).

Prison disciplinary hearings are not arbitrary or unreasonable when there is "some evidence" to support the disciplinary decision. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985); *See also,* <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1287 (9th Cir. 2003).

In this case plaintiff has not alleged that the hearings officers came to their conclusions without meeting the "some evidence" test or alleged any facts to suggest the ODOC disciplinary process is arbitrary or unreasonable.

Plaintiff alleges that the ODOC disciplinary process violates equal protection under the Fourteenth Amendment.

To establish an equal protection violation, plaintiff must show that he was intentionally discriminated against based on his membership in an identifiable class. <u>Flores v. Morgan Hill Unified School District</u>, 324 F.3d 1130, 1134 (9th Cir. 2003).

Plaintiff has not alleged any facts in support of his equal protection claim.

Plaintiff alleges that ODOC's imposition of disciplinary fines and their deduction from inmate trust accounts violates the Taking Clause of the Fifth Amendment.

However, the Taking Clause provides that private property

13 – ORDER

shall not be taken for public use without just compensation and applies when the government takes private property for public use through its regulatory powers. <u>Hamilton v. Kentucky Distilleries & Warehouse Co.</u>, 251 U.S. 146, 157 (1919). It does not apply to government imposed penalties or forfeitures in the exercise of traditional police power. <u>Id</u>.

In the context of prison discipline, the imposition of fines constitutes a valid governmental penalty imposed to maintain law and order in the prison environment - clearly a police power to which the Fifth Amendment does not apply.

For all the reasons set forth above, defendants' Motion to Dismiss (#18) is allowed.

To the extent that any supplemental state claims may remain, I decline to exercise the court's jurisdiction.

In summary, defendants' Motion to Dismiss (#18) is allowed for the reasons set forth above and I decline to exercise the court's jurisdiction over any remaining state law claims.

In addition, plaintiff failed to prosecute his claims by responding to defendants' motion to dismiss even after multiple extensions of time to do so and after being directed by the court to file a response. Therefore, this action is dismissed on the additional ground of failure to prosecute.

The Clerk is directed to enter a judgment dismissing this

14 - ORDER

action with prejudice.

      *Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith.*

      DATED this 5th day of September, 2013.

Ann Aiken
United State District Judge

15 – ORDER